UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

RHONDA ASHER AND ROBERT ASHER,

    Plaintiffs,

vs.

LAXMI OF ORANGE CITY, INC. dba DAYS INN,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, RHONDA ASHER AND ROBERT ASHER, (hereinafter "Plaintiffs") through the undersigned counsel, hereby files this Complaint and sues LAXMI OF ORANGE CITY, INC. dba DAYS INN (hereinafter referred to as "the Defendant"), for declaratory and injunctive relief, attorney fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. 12182 et seq., the 2010 ADA Standards (AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND VENUE

1. This Honorable Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiffs' claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202 and 2010 ADA Standards.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) and rule 3.1 Local Rules of the United States District for the Middle District of Florida in that all the events giving rise to the lawsuit occurred in Volusia County, Florida.

## PARTIES

3. Plaintiffs, RHONDA ASHER AND ROBERT ASHER are sui juris and residents of North Carolina. Plaintiffs regularly visit their mother who lives in this jurisdiction in Orange City, Volusia County, Florida. Rhonda Asher is an individual with a disability injuries resulting from diabetes including an amputated foot and implanted rod in her lower limb. Because Mrs. Asher is required to transverse in a wheelchair, she is substantially limited in performing one or more major life activities, including but not limited to: walking and standing. At the time of Plaintiffs' visit on August 21, 2019 to Defendant's place of lodging and prior to instituting this action, Plaintiff, Rhonda Asher, suffered from a "qualified disability" under the ADA.

4. Plaintiff, Robert Asher, is the primary caregiver for his wife, Mrs. Rhonda Asher, who is substantially limited in her ability to walk, must use a wheelchair for mobility. Plaintiffs travel together to various public accommodations which must therefore be accessible to the disabled if Plaintiff herself is to have access to them.

5. Plaintiffs encountered barriers that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. As a result, Plaintiffs were denied access to the Facility on account of Ms. Asher's disability.

6. The barriers identified herein are only those that Plaintiffs personally encountered. Plaintiffs are presently unaware of other barriers which may in fact exist at the Facility and relate to Ms. Asher's disabilities such that they prevent Plaintiffs' full and equal access to the Facility.

7. Plaintiffs were, and continue to be, deterred from visiting the Facility because Plaintiffs knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiffs due to Ms. Asher's physical disabilities.

8. Plaintiffs will return to the Facility once the barriers are removed as Plaintiffs frequently travel to the area wherein Defendant operates the subject facility to visit their mother.

9. Defendant is authorized to conduct and is in fact conducting business within the state of Florida. Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of the Real Property (hereinafter "Subject Facility") and/or the owner of the improvements where the Subject Facility which is the subject of this suit is located at 2051 N. Volusia Avenue, Orange City, Florida 32763 and/or also maintains and controls the Subject Facility. Specifically, Defendant, LAXMI OF ORANGE CITY, INC. dba DAYS INN is the lessee of the Subject Facility and is the operator of the public accommodation at the Subject Facility.

10. All events giving rise to this lawsuit occurred in the state of Florida, Volusia County. Venue is proper in this Court.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

11. Plaintiffs adopt and re-alleges the allegations stated in paragraph "1" through "10"of this complaint as if fully stated herein.

12. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

13. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

14. Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide, clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

15. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it is a place of lodging, and must be in compliance therewith. The buildings and/or Subject Facility which are the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

16. The Defendant has discriminated and continues to discriminate against the Plaintiffs and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the subject property as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

17. Plaintiffs have visited the Subject Property, and have been denied full and safe equal access to the facilities and therefore suffered an injury in fact. Defendant failed to

remove barriers to the hotel room and pool for disabled persons. The violations are more specifically set forth in Paragraph 20 below.

18. Plaintiffs intend to return within the next six months provided the Defendant modifies the facility to enjoy the goods and/or services at the Subject Facility on a spontaneous, full and equal basis. However, Plaintiffs are precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore Plaintiffs continue to suffer from discrimination and injury due to the architectural barriers which are in violation of the ADA.

19. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

20. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiffs as a result of inter alia, the following specific violations:

   a. failure to provide a door or walkway with a minimum clear width for a disabled person(s) as required 2010 ADAAG §404, 404.1, 404.2, 404.2.3;
   b. failure to provide a means of entry at the pool as required for persons with disability such as pool lift chair, sloped entry, transfer wall or transfer platform as required by 2010 ADAAG §242, 242.1, 242.2 and 1009;
   c. providing pathways and surfaces to access the pool that are uneven as prohibited by 2010 ADAAG §206, 206.1, 206.2, 206.2.2, 303 and 403.3 when resolution is readily achievable;
   d. failure to provide disabled accessible room(s) for individuals with disabilities as required by 2010 ADAAG §224, 224.1, 224.2; and

  e. failure to provide disabled persons with a continuous path of travel connecting all essential elements of the facility as required by 2010 ADAAG §206, 206.1, 206.2, 206.2.1, 206.2.2, 206.2.4, 206.2.10 206.2.12, 206.2.13, 206.2.14, 206.2.15, 206.2.16, 206.2.17, 4.3.1 and 4.3.2.

21. To the best of Plaintiffs' belief and knowledge, the Defendant has failed to eliminate the specific violations set forth in paragraph 20. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility and Property. Plaintiffs require an inspection of the Facility and Property in order to determine all of the discriminatory acts violating the ADA.

22. Although the Defendant is charged with having knowledge of the violations, the Defendant may not have actual knowledge of said violations until this Complaint makes the Defendant aware of same.

23. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

24. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the establishment, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

25. The Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

26. All of the above violations are readily achievable to modify in order to bring the Facility/Property into compliance with the ADA as the modifications can be easily

accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28 C.F.R. 36.304.

27. Upon information and belief the Defendant has the financial resources to make the necessary modifications.

28. Upon information and belief the Property has been altered since 2010.

29. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 20 can be applied to the 1991 ADAAG standards.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiffs demand judgment against the Defendant and requests the following injunctive and declaratory relief:

A. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendant is in violation of the ADA.
B. That this Honorable Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;
C. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit to the Plaintiffs; and

E. That this Honorable Court award such other and further relief as it may deem necessary, just and proper.

Dated this 7 day of October, 2019.

                                              Respectfully submitted,
                                              **The Advocacy Group**
                                              *Attorney for Plaintiffs*
                                              200 S.E. 6th St., Ste. 504
                                              Fort Lauderdale, FL 33301
                                              Telephone: (954) 282-1858
                                              Service Email: service@advocacypa.com
                                              By */s/ Jessica L. Kerr*
                                              Jessica L. Kerr, Esq.
                                              Fla. Bar No. 92810